1  ROSALINE S. AYOUB, ESQ., SBN: 246233
      Rose.Ayoub@qpwblaw.com
2  ADAM A. WRIGHT, ESQ., SBN: 143990
      Adam.Wright@qpwblaw.com
3  **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
   500 N. Brand Boulevard, Suite 1650
4  Glendale, California 91203

5  Telephone: 213.486.0048
   Facsimile: 213.486.0049
6

7  *Attorneys for FHumpires Ltd.*

8
                **IN THE UNITED STATES DISTRICT COURT**
9

10            **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  FHumpires Ltd., a Canadian limited liability
    company                                         **Case No.:  5:19-cv-2126**
13
                    Plaintiff,
14
                                                    **COMPLAINT**
        v.                                          **(Misrepresentation under 17 U.S.C. §**
15                                                  **512(f), Intentional Interference with**
                                                    **Contractual Relations)**
16  International Hockey Federation, a Swiss not-
    for-profit association
17                                                  (Jury Trial Demanded)
                    Defendant.
18

19

20      Plaintiff FHUMPIRES LTD. ("FHumpires") alleges as follows:

21      1.      This is a civil action seeking injunctive relief and damages for

22  misrepresentation of copyright claims under the Digital Millennium Copyright Act

23  ("DMCA") and intentional interference with contractual relations under California common

24  law.

25      2.      This case arises from improper assertions of copyright infringement against a

26  company that creates its own original works by adding commentary and critique about

27  umpiring to short game clips acquired from YouTube to educate field hockey umpires and

28

improve umpiring in the sport.

**PARTIES**

3.     FHumpires is a Canadian limited liability company with its principal place of business in Calgary, Alberta.

4.     Upon information and belief, the International Hockey Federation ("FIH") is an international non-governmental not-for-profit association with its principal place of business in Lausanne, Switzerland.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this copyright claim pursuant to 28 U.S.C. § 1331 and 1338, as well as the DMCA, and supplemental jurisdiction over the intentional interference with contractual relations claim pursuant to 28 U.S.C. § 1367(a).

6.     Indeed, by posting videos on YouTube, FIH acknowledged that the "Service" it utilized "shall be deemed solely based in California." *See* Terms of Service, https://www.youtube.com/static?template=terms, dated May 25, 2018, last accessed March 6, 2019.

7.     The current dispute between the parties arose out of FIH's utilization of that "Service" in California.

8.     As such, FIH is subject to the general and specific jurisdiction of this Court.

9.     Moreover, the Court has jurisdiction over all claims based on diversity of the parties and claimed damages in excess of $75,000, under 28 U.S.C. § 1332 and with venue properly established in this Court pursuant to the aforesaid Terms of Service and 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in California.

10.     Assignment to the San Jose Division is proper pursuant to Local Rules 3-2(c) and (e) because a substantial portion of the events giving rise to this action occurred in this district and division.

**FACTUAL ALLEGATIONS**

11.     YouTube is a video-sharing website where millions of Internet users post videos to make them available to others for viewing. YouTube's website is available at the web address www.youtube.com. Its corporate headquarters is located in San Bruno, California. All users that upload videos to YouTube are subject to its Terms of Service, which include availing themselves to the U.S. Copyright Act, as well as utilization and jurisdiction in California. *Id.*

12.     Upon information and belief, FIH is the international governing entity for field hockey. Upon information and belief, FIH posts videos of field hockey games on its YouTube channel: https://www.youtube.com/user/fihockey.

13.     FHumpires is a company whose purpose is to provide educational resources for field hockey umpires to understand and comment upon as well as critique the rules of the game. FHumpires uses clips from field hockey matches and adds its own original commentary and critique to teach how the rules apply in actual play.

14.     FHumpires' internal policy limits the amount of footage used from a field hockey match for an educational clip to less than one minute. The duration of a full field hockey match posted on FIH's YouTube channel can reach over two hours long. A FHumpires work could not be a substitute for the original video of a field hockey match in any conceivable market. This is due, in part, because it contains a tiny fraction of the match video, and it focuses on critiquing the umpire, not the players.

15.     The purpose and character of the FHumpires' work is to provide education and commentary on field hockey rules and to critique umpires' ruling using clips from actual games. This use is transformative, and as such fair use, under the Copyright Act and the DMCA, for it used the works in ways that were distinct and separate from their original context and added, additional creative elements. FHumpires' works do not, and cannot, substitute for FIH's videos or inflict any harm on the market for FIH's videos. Although FHumpires' works can have a partial commercial purpose, it does negate its overarching

educational and transformative purpose, all of which still qualifies as fair use.

16.     Upon information and belief, FIH officials and umpires use FHumpires' videos with commentary in tournament briefings and preparation groups.

17.     Upon information and belief, FIH has extensive experience with copyright law and engages staff and representatives, who are capable of comprehending the provisions in YouTube's Terms of Service, which as indicated *supra*, includes availing FIH to the U.S. Copyright Act and DMCA, as well as utilization in California. Indeed, FHumpires' fair use is established through FIH's utilization of YouTube.

18.     FHumpires posts copies of its works on its YouTube (https://www.youtube.com/channel/UCNrE4HXdrM7lJg5rwqx98cg), Twitter (https://twitter.com/fhumpires), Instagram (https://www.instagram.com/fhumpires), and Facebook (https://www.facebook.com/fhumpires) accounts as well as its website.

19.     Upon information and belief, FIH sent several invalid DMCA takedowns to YouTube and Twitter against FHumpires' posts purportedly pursuant to Section 512(c)(3) of the DMCA. FHumpires restored these posts using counter takedown notices pursuant to Section 512(g) of the DMCA, which relied on its fair use.

20.     Upon information and belief, FIH sent 140 copyright complaints against FHumpires to Facebook and Instagram on or about November 19, 2018, notwithstanding FHumpires' fair use.

21.     The Copyright Report Form on Facebook includes "Please note that submitting a report of intellectual property infringement is a serious matter with legal consequences. Intentionally submitting misleading or otherwise fraudulent reports of infringement may lead to termination of accounts as well as liability for damages under section 512(f) of the United States Digital Millennium Copyright Act (DMCA) or similar laws in other countries." *See* https://www.facebook.com/help/contact/1758255661104383, last accessed March 5, 2019.

22.     The Facebook Copyright Report Form contains all the components of a

-4-

DMCA takedown including the requirement that the submitter check the box for the following declaration: "By submitting this notice, you state: that you have a good faith belief that the reported use described above, in the manner you have complained of, is not authorized by the intellectual property rights owner, its agent, or the law; that the information contained in this notice is accurate; and, under penalty of perjury, that you are authorized to act on behalf of the owner of the intellectual property rights at issue." *Id.*

23.     The Facebook Copyright Report Form requires the submitter to indicate whether the rights owner is based in the U.S. or another country. *Id.* Upon information and belief, when the rights owner is based outside the U.S., Facebook will remove the content similar to a DMCA takedown, and will not restore it unless the complainant withdraws the complaint.

24.     Upon information and belief, Instagram has similar policies and procedures for copyright complaints. *See* https://help.instagram.com/contact/552695131608132, last accessed March 5, 2019.

25.     The terms of service for YouTube, Twitter, Instagram, and Facebook state that a user of the platform may have their account disabled, suspended, or terminated for violations of its terms of service, including copyright complaints. *See* https://www.youtube.com/static?template=terms, https://twitter.com/en/tos#intlTerms, https://help.instagram.com/581066165581870l, https://www.facebook.com/legal/terms.

26.     Even though FHumpires maintains that a licensing agreement is not necessary for its current uses of FIH's videos, FHumpires still attempted to resolve this matter in good faith with FIH. On December 13, 2018, FHumpires sent a mutually beneficial licensing proposal to FIH Sport Director, Jon Wyatt, regarding the use of FIH's videos and FHumpires' video clips with commentary.

27.     On December 18, 2018, FIH Sport Director, Jon Wyatt, sent a response that did not specifically reply to the proposal, but instead stated that "FIH has always made footage available for the purposes of training and development of Officials and Umpires."

This is consistent with the fair use doctrine that applied, and continues to apply, to FHumpires.

28.     FIH's complaints against FHumpires' social media posts are antithetical to FIH's own policy stated by Mr. Wyatt, for FHumpires' posts were created for the purpose of training and teaching field hockey umpires.

29.     To date, upon information and belief, FIH has taken no action to withdraw the 140 complaints against FHumpires to Facebook and Instagram.

30.     On February 25, 2019, FHumpires, through its undersigned counsel, sent a demand letter to FIH's legal department demanding that FIH withdraw its complaints against FHumpires on Facebook and Instagram, and refrain from making any further complaints or submitting any DMCA takedown notices in regards to FHumpires' legal integration of FIH's videos into its works under fair use. To date, FIH has not responded.

## COUNT ONE

### MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

31.     FHumpires realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

32.     FHumpires' works do not infringe any copyright owned or administered by FIH.

33.     FHumpires' uses of FIH's videos are self-evident, non-infringing, fair use under 17 U.S.C. § 107. This is in part because the FHumpires uses small non-substantial portions of FIH's original videos, transforms them into original works by adding commentary and critiques for educational purposes for field hockey umpires, and they are not substitutes for FIH's videos or harm any market for its videos.

34.     Upon information and belief, FIH had actual subjective knowledge of the contents of FHumpires' works and that they did not infringe any FIH copyrights on the date FIH sent any of its takedown notices and copyright complaints regarding FHumpires' posts on social media. With this actual subjective knowledge, FIH acted in bad faith when it sent

the takedown notices and copyright complaints, knowingly and materially misrepresenting that it had concluded that the works were infringing.

35.     In the alternative, FIH should have known, if it had acted with reasonable care or diligence, or would have no substantial doubt had it been acting in good faith, that the FHumpires works did not infringe any FIH copyrights on the dates it sent the complaints under the DMCA and/or through the social media platform.

36.     FIH violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that FHumpires' works infringed its copyrights.

37.     As a direct and proximate result of FIH's actions, FHumpires has been injured substantially and irreparably. Such injuries include, but are not limited to, the financial expenses associated with responding to the claim of infringement and harm to its free speech rights under the First Amendment.

**COUNT TWO**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

38.     FHumpires realleges and incorporates by reference the previous paragraphs of this Complaint inclusive, as though fully set forth herein.

39.     Count Two arises under California common law. *See Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118 (1990).

40.     FHumpires has a contract with each of YouTube, Twitter, Facebook, and Instagram. The terms of service on each website are the terms of each contract.

41.     FIH knew of the contracts between each website and FHumpires.

42.     By sending invalid DMCA takedown notices and copyright complaints to each website, FIH made FHumpires' performance under each contract more difficult.

43.     FIH intended to disrupt FHumpires' performance of its contracts.

44.     In the alternative, FIH knew that disruption of FHumpires' performance under its contracts was certain or substantially certain to occur.

45.     As a direct and proximate result of FIH's actions, FHumpires has been

injured substantially and irreparably. Such injuries include, but are not limited to, loss of business opportunities, because FIH's invalid takedown notices and copyright complaints interfered with FHumpires' marketing activities on social media; harm to its free speech rights under the First Amendment; and the financial expenses associated FHumpires' attempts to resolve this dispute. Additionally, FIH put FHumpires' accounts on these social media platforms at risk of being disabled, suspended, or terminated.

46.     FIH's conduct was substantial factor in causing FHumpires' harm.

**PRAYER FOR RELIEF**

WHEREFORE, FHUMPIRES respectfully requests that this Court enter judgment in its favor and against FIH as follows:

1.     A declaration by the Court that FHumpires' use of FIH's videos as described herein are legally protected fair use under 17 U.S.C. § 107.

2.     Injunctive relief restraining FIH, its agents, servants, employees, successors, and assigns, and all others in concert and privity with FIH, from bringing any lawsuit or threat against FHumpires for copyright infringement; submitting DMCA takedown notices or similar copyright complaints, in connection with any of the FHumpires' works that integrates FIH's videos from YouTube as described herein, including, but not limited to, the FHumpires videos' publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website; or otherwise disturbing, disrupting, or interfering in any matter with FHumpires' fair use of FIH's YouTube videos.

3.     Compensatory damages in an amount sufficient to compensate FHumpires for the injuries proximately caused by FIH's conduct;

4.     Attorneys' fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, or otherwise as allowed by law;

5.     FHumpires' costs and disbursements;

6.     Other damages according to proof; and

7.     For such other and further relief as the Court deems just and proper.

1

**JURY DEMAND**

2
FHumpires reserves its right to have all issues that are triable by a jury so decided in

3
this case.

4

5
DATED this 19th day of April, 2019.

6

7
/s/ Adam A. Wright
Adam A. Wright

8
Quintairos, Prieto, Wood & Boyer, P.A.
500 North Brand Blvd., Suite 1650

9
Glendale, CA 91203
Tel: 213-486-0048

10
*Attorneys for FHumpires Ltd.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28